UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| vs. | ) 1:23-CR-00012-1 |
| JOSHUA PAUL BARNHILL, | ) ) ) |
| Defendant. | ) ) |

## SENTENCING MEMORANDUM

COMES NOW, Defendant Joshua Paul Barnhill, and files this sentencing memorandum for consideration by this Court prior to sentencing. Mr. Barnhill hereby requests the Court consider the mitigating factors set forth herein to fashion a sentence no greater than is necessary to accomplish justice in this case.

### INTRODUCTION/FACTUAL BACKGROUND

Mr. Barnhill is currently before the Court having pled guilty to one count of Distribution of Child Pornography under 18 U.S.C. § 2252A(a)(2). He was arrested by state authorities on October 19, 2022, and has remained in continuous custody since. The defendant was taken into custody by federal authorities upon indictment on or about February 15, 2023. His guideline range is 151 months to 188 months. He has served approximately eleven (11) months in confinement awaiting indictment and sentencing, with approximately seven (7) months having been served in federal custody.

### CITATION OF LAW

The Court must impose a reasonable sentence that is sufficient *but not greater than necessary* to comply with the purposes listed in 18 U.S.C. §3553 (a). Gall v. United States, 552 U.S. 38 (2007)

(emphasis added); 18 U.S.C. §3553 (a). Section 3553 (a) contains seven factors to be considered at sentencing:

1) The nature and circumstances of the offense and the history and characteristics of defendant;
2) The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3) The kinds of sentences available;
4) The kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;
5) Any pertinent policy statement;
6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7) The need to provide restitution to any victims of the offense. United States Code 18 U.S.C. §3553 (a)

The Guidelines are advisory but not mandatory. United States v. Booker, 543 U.S. 220 (2005). The Eleventh Circuit has agreed that the Guidelines must be considered and that other factors under 3553(a) must be used to determine the appropriate sentence. United States v. Stratton, 519 F.3d 1305 (111th Cir. 2008). However, in determining whether a sentence is reasonable under Booker, a sentencing Court should defer to 3553(a) and consider all relevant factors in determining the type of sentence that satisfies the sentencing mandate.

## ARGUMENT

Mr. Barnhill readily accepts responsibility for his actions, and respectfully asks that the Court consider several matters in fashioning his sentence.

Born in Middletown, Ohio, to Paul and Kathy Barnhill, who remain married to this day, the defendant maintains a close relationship with his parents, and regular contact with his twin sisters who remain in Ohio. Mr. Barnhill maintains that he enjoyed a great childhood, raised in a family that

surrounded him with support and love, and has never maintained that any single event or series of events led him to the horrific mistakes made and outlined in the charge to which he has pled guilty.

Mr. Barnhill has a daughter, now ten (10) years of age, from a previous marriage, and another daughter, now just over two (2) years of age with his soon-to-be ex-wife, Amanda Hamilton. It is important to note for the court's consideration, that at no point in this investigation, or in deciding to charge this defendant, was it ever alleged or even suggested, that this defendant, in any way, victimized his biological daughters or step daughter, or that he ever acted to manufacture the materials which form the basis for these charges. By all accounts collected in this investigation, Mr. Barnhill was a caring and attentive father, and kept any indication of his transgressions from those who relied on him as father, son, brother and husband. This defendant has insisted on cooperating in every way with the petition for divorce filed by Ms. Hamilton, and will continue to act in whatever way serves to pave the smoothest and least traumatic path for his children and other family members.

The defendant graduated high school and went on to receive ASC Certification and work professionally as a mechanic for several years. Mr. Barnhill is currently half way through a BS in Psychology, having planned to obtain a degree in furtherance of his military career. As mentioned, the defendant entered the military as active duty enlisted in the United States Army just over twelve (12) years ago and remains enlisted as of this filing. He has worked, for the majority of that enlistment as a recruiter, having been stationed to posts in Missouri, North Carolina, Colorado, Texas, Kansas, Kentucky, Virginia, and ultimately Fort Jackson, in South Carolina. Along the way, he has attended and completed multiple training courses and schools, and received multiple commendations.

The defendant sincerely hopes and believes that this proven ability to not only learn and improve upon himself, but to answer for his mistakes and set his focus on correcting the devastating behavior that has contributed to the endangerment of many and decimated his own family, will result in counseling and education, while confined, that lays the groundwork for a healthier and more responsible version of himself, who can contribute meaningfully to the world around him. Mr.

Barnhill, has initiated many conversations with counsel over the past months regarding resources available within the Bureau of Prisons, designed to diagnose and treat the behavioral defects that led him to this moment in his life, should the Bureau of Prisons see fit to provide it. While the defendant insists that this memorandum is in no way an effort to explain or excuse his horrible conduct, he does hope to convey to this honorable court, his desire to accept responsibility for his actions, and serve out his prescribed punishment in a manner that also serves to correct behavior, and eliminate the inclinations that lead to it.

This defendant is 41 years of age, and had no criminal history as of his arrest on these charges.

This defendant stands to have served approximately four (4) months for which he will not receive credit, as he was not yet in federal custody.

The defendant remains a young man capable of comprehending the gravity of the situation he finds himself in, and acknowledging that this situation is of his own making. While the guidelines are intended to aid in fashioning a sentence deemed equitable according to relevant factors and history, discretion remains with the court due, in part, to the possible presence of individual factors and circumstances not always factored into guideline computation. The defendant, therefore, asks that the court take all of this information into account when fashioning a sentence in this matter.

## CONCLUSION

Mr. Barnhill respectfully requests that the Court fashion an appropriate sentence that is sufficient but not greater than necessary to accomplish the purposes listed in 18 U.S.C. §3553 (a) for the reasons set forth herein and such other reasons that may be presented at sentencing. The defendant also respectfully requests placement at either USP Marion or FCI Elkton, both SOMP facilities in or near the state of Ohio.

This 18th day of September, 2023.

/s/ Grant K. Usry
Grant K. Usry
Georgia Bar No. 940365
Attorney for Defendant

THE USRY FIRM, P.C.
1450 Greene St., Suite 130
Augusta, Georgia 30901
(706) 739-7070

## CERTIFICATE OF SERVICE

This is to certify that I have this day caused a copy of the foregoing Sentencing Memorandum to be served on the Assistant United States Attorney through the Court's Electronic Filing System.

This 18th day of September, 2023.

/s/ Grant K. Usry
Grant K. Usry
Georgia Bar No. 940365
Attorney for Defendant

THE USRY FIRM, P.C.
1450 Greene St., Suite 130
Augusta, Georgia 30901
(706) 739-7070